IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH PITTS, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:18-cv-00028-SRW |
| | ) | |
| RAM PARTNERS, L.L.C., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on plaintiff's motion to remand (Doc. 4), which is opposed by defendant Ram Partners, LLC. This case was initially assigned to the undersigned as presiding judge, and the parties subsequently consented in writing to the exercise of final dispositive jurisdiction by the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a). (Docs. 10, 11). The motion to remand has been briefed and taken under submission without oral argument. For the reasons stated herein, the plaintiff's motion to remand is due to be denied without prejudice.

I. **Background and facts**[1]

Plaintiff initiated this suit on July 26, 2017 by filing a complaint in the Circuit Court for Chambers County, Alabama. Doc. 1-1 at 4. Plaintiff was a lessee and resident of

---

[1] These are the facts only for purposes of the court's ruling on the pending motion to remand. They are gleaned from the notice of removal (Doc. 1) and exhibits thereto, the motion to remand (Doc. 4), and the brief in opposition to the motion to remand (Doc. 8) and exhibits thereto.

defendant Ram Partners, doing business as The Apartments at the Venue. *Id*. at 5. Plaintiff's complaint alleges that, as a result of Ram Partners' negligent and willful conduct, she suffered injuries resulting in physical and mental suffering, past and future medical expenses, and lost wages. *Id*. at 5-8. Plaintiff also seeks punitive damages. *Id*. Plaintiff does not specify in her complaint the amount of damages she intends to claim and does not otherwise make a demand. *Id*. at 4-8.

When plaintiff filed her complaint, plaintiff also served summons on defendant. *Id*. at 11-13. Defendant answered the complaint on September 8, 2017. *Id*. at 14-24. On September 29, 2017, defendant served interrogatories and a request for production on plaintiffs. *Id*. at 26-43. On November 20, 2017, plaintiff responded to defendant's interrogatories and written discovery request. *Id*. at 44. On December 13, 2017, defendant's counsel transmitted correspondence to plaintiff's counsel asking for clarification of plaintiff's responses to interrogatories and requesting a settlement demand. Doc. 1-2. On December 18, 2017, plaintiff's counsel responded to defendant's counsel, stating that plaintiff's income loss was $24,396.18 and her out-of-pocket medical expense was $20,324.14, and demanding a settlement in the amount of $250,000 to resolve plaintiff's claim in its entirety. Doc. 1-3. Defendant filed its notice of removal, which is premised on diversity jurisdiction, on January 17, 2018. Doc. 1.

## II. The parties' positions

In its notice of removal, defendant argues that while the parties are diverse, this case was not originally removable because it was not clear that the amount in controversy was in excess of $75,000. Doc. 1 at 1-5. According to defendant, the case became removable

on December 18, 2017 – the date on which plaintiff's counsel made a settlement demand of $250,000. *Id.* at 8. Defendant argues that plaintiff's settlement demand constituted an "other paper," as contemplated by 28 U.S.C. § 1446(b), and that receipt of this "other paper" triggered the 30-day time period for removal. *Id.* at 7-8. Defendant attached the settlement demand to its notice of removal. Doc. 1-3.

Plaintiff's motion to remand does not dispute the amount in controversy or the timeliness of the defendant's notice of removal. Plaintiff argues that the case is due to be remanded because the complaint does not establish diversity of citizenship. Doc. 4 at 2. Plaintiff argues that defendant has members who are citizens of Alabama. Doc. 4 at 3.

Defendant argues in response to plaintiff's motion to remand that it is a limited liability company with four individual human members who are all domiciled in the state of Georgia. Doc. 8. Defendant further contends that plaintiff's settlement demand of $250,000 clearly establishes that the amount in controversy exceeds $75,000, and that the removal was timely. *Id.* Defendant attaches an affidavit from Martha Logan, a member of Ram Partners, to its response to plaintiff's motion to remand, which states that each of Ram Partners' four members are domiciled in the state of Georgia. Doc. 8-1.

## III. Legal standards

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1221 (N.D. Ala. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*,

168 F.3d 405, 409 (11th Cir.1999)). "[B]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Id.* (citing *Univ. of S. Ala.,* 168 F.3d at 411).

The removing party has the burden of establishing subject matter jurisdiction. *Griffith*, 884 F. Supp. 2d at 1221. "[B]ecause the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear." *Id.* (quoting *Lowe's OK'd Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala.1998)). "In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand." *Id.* (quoting *Lowe's*, 995 F. Supp. at 1389).

The district court must "review the propriety of removal on the basis of the removing documents." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1211 (11th Cir. 2007). Removing documents include "*all* documents before the court when it reviews the propriety of removal" that are relevant to making such assessments. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 773 n.28 (11th Cir. 2010)(citing *Sierminski v. Transouth Fin. Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction.")). *See also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013)("we need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing us of the parties' citizenship")(considering evidence establishing diversity of citizenship); *Williams v. Best Buy Co.,* 269 F.3d 1316 (11th Cir.

2001)("Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists."). "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214-15.

However, the court is not limited only to the evidence on record, and "a defendant *may* add post-removal evidence of jurisdiction to the record when that evidence is otherwise admissible." *Pretka*, 608 F.3d at 773 (considering evidence establishing the amount in controversy requirement and citing *Lowery*, 483 F.3d at 1218-21)(emphasis in original). Further, so long as the removal is procedurally proper, "[d]efendants may introduce their own affidavits, declarations, or other documentation." *Id.* at 755 (citing *Miedema v. Maytag Corp.,* 450 F.3d 1322, 1330 (11th Cir. 2006); *Williams*, 269 F.3d at 1319; *Sierminski*, 216 F.3d at 949; *Fowler v. Safeco Ins. Co. of Am.,* 915 F.2d 616, 617 (11th Cir. 1990)). While the Eleventh Circuit has cautioned that "post-removal discovery disrupts the careful assignment of burdens" and that such discovery may "impermissibly lighten[] the defendant's burden of establishing jurisdiction, *Lowery*, 483 F.3d at 1217-18, where there is incomplete development of the record as to whether jurisdiction exists, the court has repeatedly directed district courts to make further factual findings. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1023 (11th Cir. 2004)(remanding to the district court "for the limited purpose of determining whether diversity jurisdiction exists"); *Leonard v. Enter. Rent a Car*, 279 F.3d 967. 972 (11th Cir. 2002)("[w]here, however, it is unclear whether the jurisdictional amount has been satisfied, due to an incomplete development of the record by the district court, the proper course of

action is to remand the case for factual findings on the actual amount in controversy."); *Williams*, 269 F.3d at 1321 ("where the notice of removal asserts that jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot clearly be determined by a review of the record"). *Accord Lowery*, 483 F.3d at 1215 n.69 (distinguishing its refusal to allow post-removal discovery from the circumstances in *Williams*). Any jurisdictional facts supporting removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Id.* at 949 (quoting *Allen v. R&H Oil Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

### A. Timeliness

Removal is governed by 28 U.S.C. § 1446, which "contemplates two ways that a case may be removed based on diversity jurisdiction." *Moore v. Wal-Mart Stores East, LP*, 2015 WL 5813164 *4 (M.D. Ala. 2015)(report and recommendation adopted). "The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings." *Id.* (quoting *Griffith*, 884 F. Supp. 2d at 1223). *See also* 28 U.S.C. §1446(b)(1)(2012).[2] "The

---

[2] "The Court in *Griffith* explained the 'first paragraph' and 'second paragraph' distinction made throughout case law analyzing this statute. It explained: The now defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph'

second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.* (quoting *Griffith* 844 F. Supp. 2d at 1223). *See also* 28 U.S.C. § 1446(b)(3)(2012). "Demand letters, settlement offers, and even emails estimating damages may constitute 'other paper.'" *Lee v. Lilly Trucking of Virginia, Inc.,* 2012 WL 960989 *2 (M.D. Ala. 2012); *see* 28 U.S.C. § 1446(c)(3)(2012) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."). For a second paragraph removal to be timely, it must be filed "within thirty days after receipt by the defendant . . . from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)(2012). As explained by the court in *Lowery*:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists.

483 F.3d at 1213 n.63. The 30-day removal clock "starts ticking" once all three conditions are present. *Allen v. Thomas*, 2011 WL 197964 *3 (M.D. Ala. 2011).

---

removals is still applicable despite its outdated terminology… ." *Moore*, 2015 WL 5813164, at *4 n. 3 (citing *Griffith*, 884 F. Supp. 2d at 1223 n.1).

## B. Diversity of Defendants

"Where, as here, the purported statutory basis for federal jurisdiction is 28 U.S.C. § 1332(a)(1)(2012)[3] – a civil action satisfying the amount-in-controversy requirement and between "citizens of different States" – there must be "complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). *See also Hernandez v. Ferris*, 917 F. Supp. 2d 1224, 1226-27 (M.D. Fla. 2012) ("Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.")." If a case has been removed, diversity jurisdiction is determined at the time of removal. *PTA-Fla, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1306 (11th Cir. 2016)(citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1202, 1306 n.1 (11th Cir. 2001)). "[A] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens*, 374 F.3d at 1022 (citing *Williams*, 269 F.3d at 1319). *See also Lamm v. Bekins Van Lines, Co.,* 139 F. Supp. 2d 1300, 1314 (M.D. Ala. 2001)("To invoke removal jurisdiction on the basis of diversity, a notice of removal must distinctly and affirmatively allege each party's citizenship. The allegations must show that the citizenship of each plaintiff is different from that of each defendant.").

---

[3] *See* Doc. 1 at 3 ("This Court has jurisdiction based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).").

For natural persons, "[c]itizenship, not residence, is the key fact that must be alleged" to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). *See also Travaglio*, 735 F.3d at 1268 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.")(quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Limited liability companies are considered "a citizen of any state of which a member of the company of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. Therefore, the citizenship of a limited liability company depends on the citizenship of its members. *See id.* In order to sufficiently allege the citizenship of a limited liability company, "a party must list the citizenships of all the members of the limited liability company and all the partners of its limited partnership." *Id.*

### C. Amount in Controversy

To establish jurisdiction under 28 U.S.C. § 1332(a), in addition to showing complete diversity of citizenship, the removing party must also show that the matter in controversy exceeds the sum or value of $75,000.00. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Lowery*, 483 F.3d at 1211. Where removal is sought on the basis of 28 U.S.C. § 1446(b), and the complaint does not specify the amount of damages sought, "the court considers the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. *See also Faulk v. Husqvarna Consumer Outdoor Prods. N.A., Inc.*, 849 F. Supp. 2d 1327, 1331 (M.D. Ala. 2012)(citing *Pretka*, 608 F.3d at 752).

"There is some confusion within the Eleventh Circuit regarding the standard applicable to 'other paper' analysis." *Moore*, 2015 WL 5813164 at *4. This court is persuaded by the *Moore* court's conclusion that the "unambiguously establish" standard articulated in *Lowery*, 483 F.3d at 1214-15 is binding on this court and governs this case. The *Moore* court based its decision on, and is in accord with, *Allen*, 2011 WL 197964, which is also persuasive. In *Allen*, the court explained its adoption of the *Lowery* "unambiguously establish" standard as follows:

> "[I]n assessing the propriety of removal" under the second paragraph of § 1446(b), "the court considers the document received by the defendant from the plaintiff ... and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id*. at 1213. The "document"—in this case, Plaintiff's deposition testimony—"must contain an unambiguous statement that clearly establishes federal jurisdiction," in this case, the amount in controversy. *Id*. at 1213 n. 63 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002), and *Huffman v. Saul Holdings, LP*, 194 F.3d 1072, 1078 (10th Cir. 1999))). The "jurisdictional amount" must be "stated clearly on the face of the documents before the court, or readily deducible from them." *Id*. at 1211. If the evidence does not unambiguously establish the amount in controversy in this way, "neither the defendant[] nor the court may speculate in any attempt to make up for the notice's failings." *Id*. at 1214–15. Accordingly, a defendant must satisfy the "unambiguously establish" burden commanded by *Lowery*, where the plaintiff timely challenges the propriety of removal under the second paragraph of § 1447(c). *See* 483 F.3d at 1213 n. 64. That is the scenario in this case, and, thus, *Lowery* governs the present analysis.

> To say that *Lowery's* "unambiguously establish" standard governs in this case, however, is not to say that *Lowery* has been warmly or readily embraced. To the contrary, it has been criticized and its holding constricted, most recently by the Eleventh Circuit in *Pretka*. *Pretka* rejected as dicta *Lowery's* statements affecting removals made pursuant to the first paragraph of § 1446(b), like in *Pretka*, emphasizing that *Lowery* was a second-paragraph removal and "must be read in that context." *Pretka*, 608 F.3d at 747, 757–58, 760, 767; *see also Roe*, 613 F.3d at 1061 (following *Pretka* and noting that "[t]his opinion considers removal only under the first paragraph

of § 1446(b); it does not address the effect of *Lowery*... on second-paragraph cases").

Moreover, to say that *Lowery's* "unambiguously establish" standard governs in this case should not be taken to mean that this court understands the logic of the standard. Even *Lowery* itself recognized that the "unambiguously establish" standard and the less rigorous preponderance of the evidence standard were at odds. *See* 483 F.3d at 1211. If a defendant can unambiguously establish the amount in controversy, "then the defendant could have satisfied a far higher burden than preponderance of the evidence." *Id.* Lowery, however, did not resolve the conflict; rather, it concluded that it was constrained by "precedent ... to continue forcing this square peg into a round hole." *Id.*; *see also SUA Ins. Co. v. Classic Home Builders, LLC*, No. 10–0388–WS–C, 2010 WL 4664968, at *4 (S.D. Ala. Nov. 17, 2010) (*Lowery's* "'unambiguously establish' standard necessarily is more exacting than a preponderance of the evidence standard, and both of them cannot simultaneously apply.").

*Lowery's* unambiguously establish standard has not been rejected in the context of a § 1446(b) second paragraph removal. Under *Pretka's* rationale that *Lowery* is dicta as to a first-paragraph removal, any criticism in *Pretka* as to the soundness of *Lowery's* principles in § 1446(b) second-paragraph removals also must be regarded as dicta. As stated, this case involves a removal under the second paragraph of § 1446(b), and the propriety of the removal has been challenged in a timely-filed motion to remand under § 1447(c). Given this procedural posture, the court will apply *Lowery*. *See Jackson v. Litton Loan Servicing, LP*, No. 09cv1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b).").

*Allen*, 2011 WL 197964 at **3-5. This court agrees that the *Lowery* "unambiguously establish" standard applies to second paragraph removals such as the one before the court.[4]

---

[4] *See, e.g., Advantage Medical Electronics, LLC v. Mid-Continent Gas Co.*, 2014 WL 1764483, *4 (S.D. Ala. May 5, 2014)("Two major decisions by the Eleventh Circuit, *Roe* and *Pretka*, followed *Lowery* and lightened the burden as amount in controversy for cases removed under § 1446(b)(1), however, "[t]his Court agrees with the weight of authority in this circuit following *Roe* and *Pretka*, that the analysis set forth in *Lowery* still applies to [§ 1446(b)(3) ] cases.")(alteration in original); *Brown v. Tanner Med. Ctr.*, 2010 WL 3328500, *3 (M.D. Ala. Aug. 23, 2010)("As this is a second-paragraph Type 1 case, the case is still governed by the analysis outlined in *Lowery* [.]").

In *Lowery*, the Eleventh Circuit cautioned that courts should not engage in speculation, and stated that "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d at 1214-15. While the court "may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence," *Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 913 (11th Cir. 2014), "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319-20 (collecting cases).

Settlement offers may be used to support a defendant's assertion that the amount in controversy meets the jurisdictional requirements, so long as they are sufficiently detailed. "There is little dispute that '[a] settlement offer can constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b).'" *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir. 1994)(citing *Lowery*, 483 F.3d at 1213 n.62). Written settlement demands are usually afforded little weight in the absence of specific information on the basis of the demand, and a demand letter alone will not establish that the amount in controversy exceeds $75,000, but it counts for something. *See Simpson v. Primerica*, 2015 WL 9315658 *9 (M.D. Ala. 2015)(quoting *Perkins v. Merion Realty Servs., LLC*, 2015 WL 998198 **3-4 (M.D. Ala. 2015). *See also Burns*, 31 F.3d at 1097 ("While [the] settlement offer, by itself, may not be determinative, it counts for something."); *Diaz v. Big Lots Stores, Inc.,* 2010 WL 6793850 *2 (M.D. Fla. 2010)("The evidentiary value of a settlement offer in

establishing the amount in controversy depends on the circumstances of the offer."). Since "settlement offers commonly reflect puffing and posturing," they must contain enough information to offer "reasonable assessment of the value of a claim" to be entitled to more weight. *Jackson v. Select Portfolio Servicing, Inc.,* 651 F. Supp. 1279, 1281 (S.D. Ala. 2009). Whereas a demand letter which describes injuries in detail and breaks down damages into identified, specific costs for past and future injuries may support an argument that a settlement offer reflects a reasonable estimate of the actual value of a plaintiff's claims, a settlement offer which "fails to provide particularized information and a reasonable assessment of value . . . is indicative of posturing and abstract assessments." *Perkins*, 2015 WL 998198 at **2-3.

## IV.  Discussion

### A. Timeliness

Plaintiff does not challenge the timeliness of defendant's removal. Defendant's notice of removal was timely filed on January 17, 2018, exactly 30 days after the December 18, 2017 letter which purportedly first demonstrated the case's removability.

Plaintiff does not specify in her complaint the amount of damages she seeks, and defendant bases its removal of this action on the receipt of an "other paper" – the December 18, 2017 letter containing a settlement offer of $250,000, from which defendant first ascertained that the plaintiff's claims exceeded the amount in controversy requirement under 28 U.S.C. § 1332. Doc. 1 at 7-8. Therefore, under 28 U.S.C. §1446(b)(3), defendant's removal was a "second paragraph" removal, and case law analyzing the same is directly applicable to the instant inquiry. All three conditions were met as of December 18, 2017,

and defendant had until January 17, 2018 to remove the case, the date on which its notice of removal was filed in this court. Thus, removal was timely in this case.

## B. Diversity of Citizenship

Plaintiff alleges that defendant "does not have diversity of citizenship in this matter" because defendant "has members who reside in Alabama, thus citizenship in Alabama." Doc. 4 at 2-3. Plaintiff also alleges that "[d]efendant was doing business as The Apartment at the Venue Vistas in Chambers County, Alabama"; that the "claim arises out of Defendant's contact with its property in Chamber's [sic] County, Alabama"; and that "[d]efendant admits venue is proper in paragraph 2 of its Answer." Doc. 4 at 6-7, 10. As noted above, citizenship, not residence, must be averred to establish diversity, so defendant's statements concerning citizenship are examined below.

Defendant fails to allege adequately the diverse citizenship of a limited liability company. In asserting that there is diversity of citizenship, the defendant states that it "is a limited liability company organized under the laws of the State of Georgia and with its principal place of business in the State of Georgia and specifically, Atlanta, Georgia." Doc. 1 at 1. The defendant appears to be applying the standard for alleging the citizenship of a corporation,[5] not a limited liability company. As indicated above, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens*, 374 F.3d at 1022. The notice of removal must therefore allege the citizenship or domicile of all members of the limited liability company. *Travaglio*, 735 F.3d at 1268.

---

[5] If the entity is a corporation, the notice of removal must allege that state of incorporation and where the corporation has its principal place of business. *See* §28 U.S.C. 1332(c)(1).

Defendant attempts to cure this defect by alleging, in its response to plaintiff's motion to remand, that it "has four individual 'human' members who are all domiciled in the State of Georgia." Doc. 8. Along with its response, defendant submitted a sworn affidavit, naming each member of the limited liability company and alleging that they all are domiciled in the State of Georgia. Doc. 8-1 at 3-4.

As noted above, this court may look to the whole record for the purpose of curing a defective allegation of citizenship. *Travaglio,* 735 F.3d at 1269 (collecting cases). This court also may consider post-removal evidence in assessing removal jurisdiction. *Sierminski*, 216 F.3d at 949. Defendant's post-removal affidavit distinctly and affirmatively states the citizenship of each member of the limited liability company. However, diversity of citizenship is determined at the time of removal. *See PTA-FLA, Inc.,* 844 F.3d at 1306. Defendant's affidavit does not indicate whether its members were citizens of Georgia at the time the notice of removal was filed. *See* Doc 8-1. Therefore, defendant must cure this defect by submitting an affidavit which states the citizenship of its members at the time of removal so that the court may assess whether complete diversity existed when the case was removed.

## C. Amount in Controversy

In its motion to remand, plaintiff does not dispute that the amount in controversy meets the minimum $75,000.00 threshold to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 4. However, this court has the obligation to assure itself that

jurisdictional requirements have been met.[6] To meet its substantive burden of unambiguously establishing the amount in controversy, defendant apparently relies solely on plaintiff's December 18, 2017 settlement offer, stating that "[p]laintiff responded via email with an attached letter which made a settlement demand of $250,000.00." Doc. 1 at 7.

The December 18, 2017 letter indicates that plaintiff claims to have suffered an income loss of $24,396.18 and out-of-pocket expenses in the amount of $20,324.14, totaling $44,720.32. Doc. 1-3. The letter also alleges that plaintiff's dog "passed away due to the mold issues in the apartment." *Id.* In addition, the letter identifies "attached information regarding lost wages," and includes an attachment which shows a net balance of $34,659, a figure which is not identified as being in controversy, and which is not congruent with the plaintiff's alleged lost wages of $24,396.18. Doc. 1-3. Examining the entire record, the original complaint alleges that plaintiff (1) developed an extreme respiratory infection; (2) developed and/or experienced severe sinusitis; (3) continues to suffer from pain in various portions of her body; (4) has experienced and continues to experience mental anguish; (5) was permanently injured and damaged; (6) was caused to incur personal injury, and medical expenses for treatment from various doctors, physicals, and hospital; (7) was caused to incur out-of-pocket medical expenses; (8) was caused to

---

[6] *See Neloms v. MT Transp. & Logistics. Servs.,* 2010 WL 890170 *2 (M.D. Ga. 2010)("In this case, the Court inquires sua sponte into the sufficiency of the amount in controversy, taking the necessary steps to ensure the present claim fits within the Court's limited jurisdictional framework. A court is obligated to "assure itself that the case involves the requisite amount in controversy.'")(quoting *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000)).

lose wages; and (9) is reasonably certain to incur medical expenses in the future. Doc. 1-1 at 6. The complaint demands both compensatory and punitive damages and alleges that the amount in controversy exceeds $10,000. *Id.* at 2, 24. The complaint does not state a specific demand. The defendant's December 13, 2017 letter to the plaintiff includes a copy of a document which is described as a breakdown of expenses, totaling $20,324.14. Doc. 1-2. While the document is broken down into several categories, the specific costs are not identified. Likewise, defendant's response to the motion to remand states only that "evidence of the amount in controversy was clearly established by Plaintiff's settlement demand of $250,000.00 received by RAM on December 18, 2017." Doc. 8.

It is clear from these documents that plaintiff alleges a number of past and future medical costs stemming from respiratory infection, sinusitis, and other physical and mental harm. However, there is insufficient information in the record from which this court can make a reasonable assessment of the extent to which the amount in controversy exceeds the $44,720.32 in injuries which are specifically alleged, and defendant has not provided any further documentation from which the court could reasonably infer or deduce that the jurisdictional amount has been met.

In *Williams*, the Eleventh Circuit held that "where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, the defendant should be afforded an opportunity to submit evidence in support of its assertion." 269 F.3d at 1321. This court concludes that *Williams'* reasoning  also should apply to this case. Although unlike *Williams*, where no motion to remand was filed, plaintiff challenged defendant's removal action in this case, the court interprets *Williams*

17

to stand for the proposition that where the plaintiff has not challenged that the amount in controversy requirement has been satisfied, the court "should permit parties to develop the record on the amount in controversy at the time of removal, then make findings of fact based on that record." *Dixon v. Whatley Oil & Auto Parts Co.*, 2018 WL 4275924 *3 (M.D. Ga. 2018). *See also Dunlap v. Cockrell*, 2018 WL 4456841 *1 (S.D. Ala. 2018)(directing defendant to show cause why action should not be remanded based on the amount in controversy requirement's not being met); *Anderson v. Clogg*, 2014 WL 5460620 *1 (S.D. Ga. 2014)(same). Where the defendant "provides no underlying facts or evidence to support an amount in controversy exceeding $75,000," there is no "unqualified requirement" for an evidentiary hearing or a finding of fact. *See Gonzalez v. Liberty Mutual*, 2012 WL 5266063 *2 (M.D. Fla. 2012). However, this court concludes that when the defendant does provide underlying facts and evidence, but there remains uncertainty about whether the amount in controversy requirement is met, "the district court will be expected to make factual findings concerning the jurisdictional amount" to facilitate review by an appellate court even where the plaintiff does challenge the amount in controversy in a motion to remand. *See Bennett v. USA Water Polo, Inc.,* 2009 WL 1089480 *3 (S.D. Fla 2009)(ordering post-removal discovery for the limited purpose of assessing the amount in controversy). Accordingly, defendant will be permitted to conduct limited discovery to show that jurisdiction exists in this case.

**V.      Conclusion**

For the reasons set forth above, it is

ORDERED that the defendant shall, on or before **November 16, 2018**, submit an affidavit curing its allegation of diversity of citizenship by correctly stating its citizenship at the time of removal. It is further

ORDERED that the defendant is GRANTED LEAVE to conduct jurisdictional discovery limited to the amount-in-controversy requirement. The defendant shall have until **December 5, 2018** to conduct said discovery, if it so desires.

Furthermore, the plaintiff's motion to remand is hereby DENIED WITHOUT PREJUDICE to refiling after said discovery has been conducted and defendant's corrected affidavit has been filed.

Done, on this the 5th day of November, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge